GODDARD-PECK GROCERY COMPANY *v.* ADLER-GOLDMAN COMMISSION COMPANY.

Opinion delivered January 20, 1900.

JUDGMENT LIEN—PRIORITY.—A creditor who first obtained a judgment against his debtor acquired a superior lien on his lands as against another creditor who procured a general attachment to be issued, but failed to have it levied on such lands. (Page 361.

Appeal from Jackson Court in Chancery.

RICHARD H. POWELL, Judge.

*S. D. Fulkerson*, for appellant.

The court erred in holding the writ of attachment to be a lien upon the land without a levy thereon.   Sand. & H. Dig., §§ 336, 341, 346, 363, 365;  29 Ark. 92;  39 Ark. 101;  34 Ark. 399;  45 Ark. 270;   54 Ark. 185;  56 Ark. 293;  59 Ark. 310;  60 Ark. 398.

*Gustave Jones*, for appellee.

Appellee's right to the surplus was superior to that of appellant, and, having appropriated it to the credit of its judgment, this superior right could not be supplanted by appellant's garnishment.   39 Ark. 97;  56 Ark. 292;  54 Ark. 170.

RIDDICK, J.   In 1896 Morris Bloom owned a tract of land in Jackson county, of this state, which he had mortgaged to T. J. Watson.   Bloom was indebted to other parties, and on January 6, 1896, the Goddard-Peck Grocery Company, appellant, recovered a judgment against him in the Jackson circuit court for the sum of $495.81.   Prior to the recovery of this judgment, the appellee, Adler-Goldman Commission Company, had commenced suit against Bloom, and had sued out a general attachment against his property, which was levied upon certain property owned by him, but not upon the land mortgaged to Watson.   This action progressed, and on May 7, 1897, the appellee, Adler-Goldman Commission Company, recovered judgment against Bloom for several thousand dollars, and its attachment was sustained.   In 1898 Watson foreclosed his mortgage in the circuit court.   The land was sold under order of the court, and the report of the commissioner showed that it was sold to the Adler-Goldman Commission Company for enough to satisfy the Watson debt and costs of the foreclosure suit, and leave a balance of several hundred dollars in his hands.   The contention here is over the disposition of this excess realized by the sale of the land.   The Goddard-Peck Grocery Company filed the intervention in the circuit court, claiming the money by virtue of its judgment lien.   The Adler–Goldman Commission Company answered, claiming the right to hold the excess and apply the same upon its judgment, by virtue of its attachment suit and judgment, and the claim of the commission company was sustained by the cir-

cuit court. But we are of the opinion that the lien of the God-
dard-Peck Grocery Company upon the land and the fund arising
therefrom in excess of the Watson mortgage is superior to that
of the Adler-Goldman Commission Company. The judgment
of the Grocery Company was rendered against Bloom before that
of the Commission Company, and was a lien upon the land,
subject to the mortgage of Watson, from the time of its ren-
dition. It is true that a general writ of attachment was issued
in the case of the commission company against Bloom before
the rendition of the judgment in favor of the grocery company,
but this attachment was never levied upon the land in ques-
tion. It was levied upon other property, and then returned.
While, under our statute, an order of attachment binds the de-
fendant's property in the county, which might be seized under
an execution against him, from the time of the delivery of the
order to the sheriff, yet after its return it ceases to be a lien
upon any property except that upon which it has been levied.
The security affected by the issuance of an attachment is but
an inchoate and imperfect lien; its efficacy depending upon the
condition that it shall without unnecessary delay be levied upon
the property of the defendant, and that the plaintiff shall ob-
tain a judgment and an order authorizing the property to be
sold in satisfaction thereof. 3 Am. & Eng. Enc. Law, 219.

As no levy upon the land in question was made in this
case, the Adler-Goldman Commission Company, appellee, ob-
tained no lien thereon until the rendition of its judgment
against Bloom. which, as before stated, was subsequent to the
judgment of the appellant grocery company. For these
reasons we are of the opinion that the court erred in holding
that the lien of the appellee was superior to that of appellant.
The judgment of the circuit court is therefore reversed, and
cause remanded, with an order that judgment be entered in
favor of the appellant.